UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RYSZARD WALCZAK,
    *Plaintiff*,

v.

PRATT & WHITNEY,
    *Defendant.*

No. 3:18-cv-563 (VAB)

**RULING AND ORDER ON MOTION TO STRIKE**

Ryszard Walczak ("Plaintiff")*,* proceeding *pro se*, filed an employment discrimination claim against Pratt & Whitney ("Defendant") under CONN. GEN. STAT. § 46a-60(a)(1) and § 46-58(a), 42 U.S.C. § 2000e-2, and Section 704(a) of the Civil Rights Act of 1964. Pratt & Whitney moved to strike paragraph 43 of Mr. Walczak's Complaint.

For the following reasons, the Court **GRANTS** Pratt & Whitney's motion to strike.

**I.**   **FACTUAL AND PROCEDURAL BACKGROUND**

    **A.**   **Factual Allegations**

Mr. Walczak alleges that workplace bullying began in 2011 when he made comments about the tenth anniversary of the September 11, 2001 terrorist attacks. ECF No. 1, at ¶¶ 13–15. Mr. Walczak claims that before this date he was never disciplined. *Id.* at ¶ 12.

Over the course of his remaining time at Pratt & Whitney, Mr. Walczak claims that he was bullied and intimidated by his co-workers. *Id.* at ¶¶ 18–21, 24. Mr. Walczak contends that he filed more than twenty complaints related to the harassment and offered to transfer both work locations and shifts to avoid mistreatment. *Id.* at ¶¶ 22, 23. Mr. Walczak states that one month prior to his termination a human resources employee threatened him with disciplinary action if he filed any more complaints. *Id.* at ¶ 26.

1

On April 11, 2016, Pratt & Whitney allegedly suspended Mr. Walczak, pending an investigation of an alleged threat he made to a female co-worker. *Id.* at ¶ 25. Mr. Walczak believes that the allegation was fabricated. *Id.*

On April 19, 2016, Pratt & Whitney terminated Mr. Walczak. *Id.* at ¶ 6. In May 2016, his union filed a grievance on behalf of Mr. Walczak, which went to arbitration. *Id.* at ¶¶ 29, 30.

In April 2016, Mr. Walczak also filed complaints to the Equal Employment Opportunity Commission and the Connecticut Commission on Human Rights and Opportunities based on retaliation and discrimination related to gender and national origin. *Id.* at ¶ 45. Both agencies dismissed Mr. Walczak's claims. *Id.* at ¶¶ 46, 48.

On January 26, 2017, the arbitrator ruled against Mr. Walczak. *Id.* at ¶ 44.

### B. Procedural History

On April 4, 2018, Mr. Walczak filed a Complaint. ECF No. 1. On June 5, 2018, Pratt & Whitney answered the Complaint and moved to strike Paragraph 43 from the Complaint. ECF Nos. 13, 14.

On June 23, 2018, Mr. Walczak objected to the Defendant's motion to strike paragraph 43 from the Complaint. ECF No. 18.

On July 9, 2018, Pratt & Whitney replied to Mr. Walczak's response. ECF No. 20.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Second Circuit has held that, when a court evaluates a Rule 12(f) motion, "it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation [that movant wishes to strike] would be admissible." *Lipsky v. Commonwealth United*

*Corp.*, 551 F.2d 887, 893 (2d Cir. 1976); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial") (citing Fed. R. Civ. P. 12(f))); *Hudson's Bay Fur Sales Canada, Inc. v. Scheflin-Reich, Inc.*, No. 90-CIV-8026 (RLC), 1991 WL 60377, at *1 (S.D.N.Y. Apr. 8, 1991) ("A motion to strike matter from a complaint as immaterial will be granted only if no evidence in support of the allegation would be admissible at trial").

Motions to strike under Rule 12(f) "are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute." *Corr. Officers Benevolent Ass'n of Rockland Cty. v. Kralik*, 226 F.R.D. 175, 177 (S.D.N.Y. 2005); *see also Gierlinger v. Town of Brant*, No. 13-CV-00370 AM, 2015 WL 3441125, at *1 (W.D.N.Y. May 28, 2015) ("Because striking a [part] of a pleading is a drastic remedy motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted") (internal quotation marks omitted). Furthermore, "[t]o the extent that Defendants' aim is to avoid unduly inflaming and prejudicing the jury," the court may take into account that "the Complaint will not be submitted to the jury." *Schutz v. Ne. Mortg. Corp.*, No. 3:05-CV-423(MRK), 2005 WL 1868888, at *1 (D. Conn. July 27, 2005) (internal quotation marks omitted).

### III. DISCUSSION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin*, 861 F.2d at 42. When a complaint "fails to comply with these requirements, the district court has the power, on a motion or *sua sponte*, to dismiss

the complaint or to strike such parts that are redundant or immaterial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

Paragraph 43 of Mr. Walczak's Complaint states "[a]t the conclusion of the most recent negotiation session, the employer offered a settlement sum of $80,000.00. I did not accept this offer because I did nothing wrong to be terminated. Accepting this offer would be like admitting wrongdoing." ECF No. 1, at ¶ 43.

Pratt & Whitney argues that Paragraph 43 should be stricken because the purported settlement offer is immaterial, inadmissible, and prejudicial. According to Pratt & Whitney, the reference to a specific settlement offer amount is advanced to establish liability.

In response, Mr. Walczak further details the process of settlement negotiations and escalating offers, which he allegedly denied because it would require him to admit wrongdoing.

Pratt & Whitney replied by further arguing that the Court should strike the use of the allegations to prove or disprove liability in the Complaint because of their inadmissibility and potential for prejudice.

The Court agrees.

Under Rule 12(f), the party moving to strike "bears a heavy burden" and must show that "(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the issues in the case; and (3) permitting allegations to stand would result in prejudice to the movant." *Tucker v. Am. Int'l Grp.*, 936 F. Supp. 2d 1, 16 (D. Conn. 2013) (internal citations and quotation marks omitted). Pratt & Whitney's motion satisfies all three of these requirements.

First, the allegations in Paragraph 43 of the Complaint would not be admissible. "[C]onduct or a statement made during compromise negotiations about the claim—except when

offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority," Fed. R. Evid. 408(a)(2), is not admissible. Paragraph 43 directly refers to settlement negotiations and a corresponding settlement offer. Under Rule 408, these settlement discussions cannot be used in the litigation of this case. *See Rein v. Socialist People's Libyan Arab Jamahiriya*, 568 F.3d 345, 351 (2d Cir. 2009) (finding that Rule 408 "essentially forbids a court from basing adverse findings on a party's concessions in settlement negotiations"). Evidence related to Paragraph 43 therefore would be inadmissible at trial.

Second, the allegations in Paragraph 43 have no bearing on the case. Mr. Walczak's claims focus on alleged workplace discrimination and retaliation. ECF No. 1, at 1. Both his state and federal claims relate to his employment, which ended in April 2016. *Id.* at ¶ 6. The settlement offer in question, however, allegedly happened in October 2016, after Mr. Walczak had already been terminated. ECF No. 18, at 2. The alleged compromise offer therefore cannot be probative of Mr. Walczak's allegations of discrimination and retaliation or Pratt & Whitney's alleged liability.

Third, permitting the allegations in Paragraph 43 would prejudice Pratt & Whitney. The "primary purpose of Rule 408 is the 'promotion of the public policy favoring the compromise and settlement of disputes' that would otherwise be discouraged with the admission of such evidence.'" *Manko v. United States*, 87 F.3d 50, 54 (2d Cir. 1996) (citing advisory committee notes). Allowing these irrelevant allegations can only serve to later implicate liability to the jury. This implication would be unduly prejudicial to Pratt & Whitney's ability to make its case.

In sum, there is no basis for Paragraph 43 in Mr. Walczak's Complaint or in this lawsuit; this factual allegation should be stricken and an Amended Complaint should be filed without the

5

factual allegations contained in Paragraph 43. *See Salahuddin*, 861 F.2d at 42 ("When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial") (citing Fed. R. Civ. P. 12(f))) .

**IV.     CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Pratt & Whitney's motion to strike Paragraph 43.

Consistent with this ruling, Mr. Walczak is granted leave to file an Amended Complaint without the factual allegations contained in Paragraph 43 by **February 1, 2019.**

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of January 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE