## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RYSZARD WALCZAK,<br>    *Plaintiff*,<br><br>            v.<br><br>PRATT & WHITNEY, A DIVISION OF<br>UNITED TECHNOLOGIES<br>CORPORATION,<br>    *Defendant.* | No. 3:18-cv-563 (VAB) |

### RULING AND ORDER ON MOTION FOR RECONSIDERATION

On February 27, 2020, Ryszard Walczak ("Plaintiff") has moved to "alter or amend" this Court's February 21, 2020 Ruling and Order on a motion for summary judgment filed by Pratt & Whitney, a Division of United Technologies Corporation ("Defendant"). Pl. Mot. to Alter or Am. J., ECF No. 79 (Feb. 27, 2020) ("Pl.'s Mot."); *see also* Ruling and Order on Mot. for Summ. J., ECF No. 75 (Feb. 21, 2020) ("Ruling and Order").

Mr. Walczak asks the Court to reconsider[1] its decision granting summary judgment for Pratt & Whitney and dismissing his employment discrimination and retaliation claims.

For the reasons discussed below, the motion for reconsideration is **DENIED**.

---

[1] While Mr. Walczak did not specify the standard underlying his *pro se* motion, the Court construes his motion to alter or amend the Court's judgment as a motion for reconsideration under either Local Rule 7(c) or Rule 59 of the Federal Rules of Civil Procedure, although there is no difference in the underlying legal standard in reviewing either motion. *See Kelly v. Honeywell Int'l, Inc.*, No. 3:16-cv-00543 (VLB), 2017 WL 6948927, at *2 (D. Conn. May 25, 2017) ("A motion for reconsideration filed under Local Rule 7(c) is equivalent as a practical matter to a motion for amendment of judgment under Fed. R. Civ. P. 59(e)." (citing *City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991)). "[E]ach seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance." *City of Hartford*, 942 F.2d at 133.

I.   **BACKGROUND**

The Court will assume familiarity with the underlying record of this case and will only discuss matters relevant to resolving this motion.

On May 6, 2019, Pratt & Whitney moved for summary judgment and filed a supporting memorandum, statement of material facts, and thirty exhibits, and included a supplemental exhibit on May 10, 2019. Mot. Summ. J., ECF No. 42 (May 6, 2019); Mem. of Law in Supp. of Mot. Summ. J., ECF No. 43 (May 6, 2019); L. R. 56(a)1 Statement of Undisputed Material Facts, ECF No. 44 (May 6, 2019); Suppl. Decl., ECF No. 46 (May 10, 2019).

On June 6, 2019, Mr. Walczak opposed Pratt & Whitney's motion for summary judgment, and filed a supporting memorandum, statement of material facts, and exhibits. Pl.'s Mot. in Opp'n to Mot. Summ. J., ECF No. 56 (June 6, 2019); Statement in Opp'n to Def.'s SMF, ECF No. 56-3 (June 6, 2019); Pl.'s Statement of Undisputed Material Facts, ECF No. 56-2 (June 6, 2019); Exs., ECF No. 56-4 (June 6, 2019). Pratt & Whitney timely replied, Def.'s Reply Br. in Further Supp. Mot. Summ. J., ECF No. 62 (Aug. 23, 2019), and Mr. Walczak filed a sur-reply, Pl.'s Resp. to Def.'s Reply, ECF No. 68 (Sept. 6, 2019).

On February 13, 2020, the Court held a hearing on Pratt & Whitney's motion for summary judgment. Minute Entry, ECF No. 74 (Feb. 13, 2020).

On February 21, 2020, the Court granted Pratt & Whitney's motion for summary judgment and dismissed Mr. Walczak's claims for discrimination and retaliation on the basis of gender and national origin or ancestry in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 *et seq*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq* ("Title VII").

As to Mr. Walczak's Title VII gender discrimination claim, the Court found that Mr.

Walczak "failed to establish a *prima facie* case because he failed to provide evidence that Pratt & Whitney fired him because of his gender," and instead "only presented bald assertions, bolstered mainly by his own affidavits or other inadmissible evidence." Ruling and Order at 20. The Court emphasized that Mr. Walczak's sole basis for his gender discrimination claim was this: "because a woman, Ms. Holloman, complained about him, he was fired." *Id.* Even if he could establish a *prima facie* case, Mr. Walczak did not demonstrate that Pratt & Whitney's legitimate reasons for firing him were pretextual. *See id.* at 21 ("Pratt & Whitney has provided a detailed account of Mr. Walczak's alleged behavior, and although he disputes the fairness of the arbitration process—namely, that he allegedly could not listen to the witness testimonies and that the Union did not adequately represent him—he cites to no admissible evidence creating a genuine issue of material fact as to his behavior, the Threat Management Team's investigation thereof, or any animus on the part of any decisionmaker.").

As to Mr. Walczak's Title VII ancestry or national origin discrimination claim, the Court similarly found that Mr. Walczak had failed to establish a *prima facie* case, *id.* at 24–25, and even if his "unsubstantiated testimony was sufficient to establish a *prima facie* discrimination case on any basis," "Pratt & Whitney has proffered a legitimate and nondiscriminatory reason for terminating Mr. Walczak's behavior: Mr. Walczak's (arguably unprovoked) threatening and hostile behavior towards his coworkers," *id.* at 26. The Court noted again Mr. Walczak's failure to "cite to admissible evidence creating a genuine issue of material fact that Pratt & Whitney's legitimate and nondiscriminatory reasons for firing him were pretextual." *Id.* at 26–27.

> Mr. Walczak does claim that—besides his suspension and termination—he was never disciplined while employed at Pratt & Whitney, and there were no issues with his job performance. Pl.'s Opp'n at 4. His ability to perform his job, however, does not create a genuine issue of material fact as to pretext, because Pratt & Whitney has provided ample evidence that Mr. Walczak could not

3

> work well with others and was increasingly hostile to coworkers.
>
> The record is replete with Mr. Walczak's difficulties interacting with contractors, *see* TMT Record – McComarck (describing that Mr. Walczak confronted a contractor and "grabb[ed] onto [his] ID badge" and said, "We will get to know each other" after the contractor allegedly whistled at him), and coworkers, *see, e.g.*, Arb. Tr. II at 114:20-25, 117:1-25 (describing Mr. Walczak's yelling at a coworker and inappropriate comment about his wife); his inability to acknowledge his role in interpersonal conflicts, *see* Arb. Tr. III at 163:24-164:8 (noting that Mr. Walczak did not "respond well" to HR's recommendations to attend EAP counseling, and would instead "roll his eyes and indicate that he didn't have a problem, it was everyone else who had a problem"); and his threatening behavior towards others, *see* Clifford Statement (describing Mr. Walczak's altercation with Mr. Czarnota); Holloman Statement (describing Mr. Walczak's altercation with Ms. Holloman).

*Id.* at 27.

As to Mr. Walczak's Title VII retaliation claim, the Court found they "fail[ed] for the same reasons as his discrimination claims." *Id.* at 31. In addition to Mr. Walczak's failure to "establish a direct causal connection between his termination and retaliatory animus," the Court explained that "Mr. Walczak's reassignment to a different building is not an adverse employment action." *Id.* Mr. Walczak also failed to "establish[] an indirect causal connection between either his allegedly pending grievance, filed February 2016, or his letter to the Ombudsman, sent March 2016, and his termination in April 2016." *Id.* at 33. Furthermore, Mr. Walczak failed to establish that three non-Polish unidentified employees were "similarly situated employees who went undisciplined [like him, and] engaged in comparable conduct." *Id.* at 35 (citation omitted).

Finally, "[h]aving dismissed all of Mr. Walczak's federal claims, the Court decline[d] to exercise supplemental jurisdiction over his state law claims, and dismisse[d] them for lack of jurisdiction." *Id.*

On February 27, 2020, Mr. Walczak moved for the Court to reconsider its decision. Pl.'s

Mot. at 1.

On March 16, 2020, Pratt & Whitney filed an opposition. Def.'s Opp'n to Pl.'s Mot., ECF No. 82 (Mar. 16, 2020) ("Def.'s Opp'n").

## II.      STANDARD OF REVIEW

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Indeed, "[m]otions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions." D. Conn. L. Civ. R. 7(c); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 108 (2d Cir. 2013) ("It is well-settled that a party may move for reconsideration and obtain relief only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

"Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)). "A motion for reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'[.]" *Mandell v. Doloff*, No. 3:17-cv-01282-MPS, 2018 WL 3677895, at *1 (D. Conn. Aug. 2, 2018) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012)); *accord Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not

be granted where the moving party seeks solely to relitigate an issue already decided.").

## III. DISCUSSION

This Court found that Mr. Walczak failed to establish a genuine issue of material fact that Pratt & Whitney discriminated and retaliated against him based on his gender or national origin and ancestry. *See generally* Ruling and Order.

Mr. Walczak argues that the "Court missed a couple of critical point[s.]" Pl.'s Mot. at 1. First, he argues that Ms. Holloman's arbitration testimony "show[s] a pattern of untrue and fabricated statements designed to terminate [his] employment and to sway the verdict." *Id.* Second, Mr. Walczak argues that Gary Nester, who made the decision to terminate him, had "directly threatened him" with disciplinary action if he did not stop filing harassment complaints. *Id.* at 4. He claimed that Mr. Nester "raise[d] his voice filled with an anger," and that he mentioned these "scare tactics" in his March 2016 letter to the Ombudsman. *Id.* According to Mr. Walczak, presenting his case to a jury "is the only way to correct fundamental flaws and unfairness[.]" *Id.* at 5.

In response, Pratt & Whitney contends that this is Mr. Walczak's "fourth bite at the apple." Def.'s Opp'n at 1. Instead of "show[ing] an intervening change in controlling law, the availability of new evidence, or a clear error by the Court," they argue that Mr. Walczak makes the same "threadbare arguments." *Id.* According to Pratt & Whitney, "Plaintiff has not cited any statute or binding authority that would compel a[] [different] outcome," and there "is no new evidence." *Id.* at 3. They submit that as "Plaintiff has shown no clear error or manifest injustice, his motion for reconsideration should be denied." *Id.* at 5.

The Court agrees.

At this stage of the case, in order to prevail following the Court's Ruling and Order on his

motion for reconsideration, Mr. Walczak must point to "controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c); *see also Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."). Instead, Mr. Walczak rehashes the same arguments.

First, as to Ms. Holloman's alleged false statements, the arbitration testimony to which Mr. Walczak thus points is not new evidence. *See* Pl.'s Mot. at 2–3. The Court already found there was "corroborated record evidence of Mr. Walczak's behavior towards both Mr. Czarnota and Ms. Holloman." Ruling and Order at 21. The Court also noted Mr. Walczak's admission that "he did not know [Ms. Holloman] before she moved to their work area, which follows that there was likely no history of animus with her specifically, and certainly not on the basis of his gender." *Id.* at 20. Significantly, even if Ms. Holloman had lied at some point, Mr. Walczak failed to create a genuine issue of material fact that Pratt & Whitney's legitimate reasons for firing him were pretextual. *Id.* at 21.

Second, as to Mr. Nester's alleged threats to discipline, Mr. Walczak has similarly failed to introduce any new evidence. The Court previously found he failed to establish a causal connection between his March 2016 letter to the Ombudsman, wherein he complained of Mr. Nester's mistreatment of him, and his termination, because "temporal proximity alone is insufficient to defeat summary judgment at the pretext stage." *Id.* at 33 (alterations and citation omitted). The Court wrote: "Even viewed in the light most favorable to him, Mr. Walczak has not provided the additional evidence of the allegedly pretextual nature of Pratt & Whitney's nondiscriminatory reasons for his termination." *Id.* at 34 (citation omitted).

Mr. Walczak has pointed to no "controlling decisions or data that the court overlooked in

the initial decision or order" that would lead to a finding of clear error or manifest injustice, *see* D. Conn. L. Civ. R. 7(c), and is not even "presenting the case under new theories," but reiterating the same already considered and rejected arguments as before, *Analytical Surveys, Inc.*, 684 F3d at 52 (internal citations and quotations omitted); *see also Sankar v. City of N.Y.*, No. 07-cv-4726 (RJD)(SMG), 2012 WL 2923236, at *2 (E.D.N.Y. July 18, 2012) (denying reconsideration because the motion was "in substance and form," "an appeal; to wit, defendants argue that the Court simply came out the wrong way on each of plaintiff's claims . . . . [and] present only repetitive arguments on issues that have already been considered fully by the court" (internal citations and quotation marks omitted)).

In short, Mr. Walczak Plaintiff fails to discern controlling decisions or data that the Court overlooked.

Accordingly, the Court will not reconsider its earlier Ruling and Order dismissing Mr. Walczak's employment discrimination and retaliation claims as a matter of law.

## IV.   CONCLUSION

For the reasons explained above, the motion for reconsideration is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of June, 2020.

                                                  /s/ Victor A. Bolden
                                                  Victor A. Bolden
                                                  United States District Judge